Zimmerman, J.,
dissenting. In the absence of any statutory inhibition against the creation and validity of so-called spendthrift trusts, I can find no persuasive or compelling reason for invalidating or impairing them in Ohio by judicial pronouncement, when such trusts are properly established and are as plain and explicit as the one involved in the instant case.
In accord with the great weight of authority in this country, it is stated in 89 Corpus Juris Secundum, 743, Trusts, Section 26, that “spendthrift trusts, that is, trusts intended to secure the trust fund against the improvidence of the cestui que trust by protecting it against his creditors and rendering it inalienable by him before payment, have generally been upheld as valid, not out of any consideration for the beneficiary, but out of consideration for the right of the donor to control his bounty and dispose of his property in any manner he sees fit, provided it is- not repugnant to law. * * * a settlor is under no legal or moral obligation to the creditors of the beneficiary of a spendthrift trust, and the creation of such a trust takes nothing from a creditor of the beneficiary to which he previously had the right to look for payment.”
*317 Of similar import is 54 American Jurisprudence, 126, Sections 152 and 153. See, also, In re Estate of Bucklin: Bucklin, Trustee, v. Wharton, 243 Iowa, 312, 51 N. W. (2d), 412, 34 A. L. R. (2d), 1327, and the annotation in 34 A. L. R. (2d), beginning at page 1335.
I would, therefore, affirm the judgment of the Court of Appeals which affirmed that of the Court of Common Pleas, both of which courts held the trust to be valid and effective.
O’Neill and Griffith, JJ., concur in the foregoing dissenting opinion.